# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | | |
|---|---|---|
| GORDON GULLIFORD, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 4:15-CV-19-PRC |
| | ) | |
| SCHILLI TRANSPORTATION SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion In Limine [DE 56], filed on January 12, 2017, by Plaintiff Gordon Gulliford, Sr., by counsel, and Defendant's Motions In Limine [DE 63], filed on January 12, 2017, by Defendant Schilli Transportation Services, Inc., by counsel. The Court has also considered the briefing in support of each motion, Defendant's Response To Plaintiff's Motion In Limine [DE 67] filed January 27, 2017, and Plaintiff's Brief In Opposition To Defendant's Motions In Limine [DE 68] filed January 27, 2017. No replies were permitted.

In determination of these issues the Court **FINDS**, **ORDERS**, **ADJUDGES**, and **DECREES**:

Federal Rule of Evidence 104 provides, in part: "Preliminary questions concerning . . . admissibility of evidence shall be determined by the Court." Motions in Limine to exclude evidence prior to trial are subject to a rigorous standard of review. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.,* 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Tech.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "the evidentiary rulings should be deferred until trial so that questions of foundation, relevance and potential prejudice may be

resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400).

A court's rulings in limine are preliminary in nature and subject to change. In this Order the Court is not making final determination on the admissibility of any evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

PLAINTIFF'S MOTION IN LIMINE

    1.    Evidence or arguments regarding determination, findings, or disposition of Plaintiff Gulliford's EEOC charge.

RULING:    The Plaintiff's Motion In Limine is **GRANTED** in this regard. Defendant STS has no objection.

    2.    Evidence or arguments about Plaintiff Gulliford's EEOC charge of discrimination.

RULING:    The Plaintiff's Motion In Limine is **GRANTED** in this regard. Defendant STS has no objection.

    3.    Evidence or arguments on Plaintiff Gulliford's claims dismissed by this Court prior to trial.

RULING:    The Plaintiff's Motion In Limine is **GRANTED** in this regard. Defendant STS has no objection.

    4.    Evidence or argument about statements by Ronald Cox and / or Kevin O'Connell about Defendant STS's Tax Department and / or Plaintiff Gulliford's performance

of his work.

RULING: The Plaintiff's Motion In Limine is partially **GRANTED** and partially **DENIED** in this regard.

Cox and O'Connell may testify as lay witnesses pursuant to F.R.E. 701 about how much actual work Plaintiff Gulliford did, or may have unnecessarily created, or may have given the appearance of doing. They may testify about their communication about these things to Thomas Schilli prior to Schilli's decision to eliminate the Tax Department.

5. Evidence or argument about Plaintiff Gulliford signing a lease agreement.

RULING: The Plaintiff's Motion In Limine is partially **GRANTED** and partially **DENIED** in this regard.

It is **GRANTED** to the extent it seeks to exclude evidence of Plaintiff Gulliford's signature on the lease as after-acquired evidence. It may not be presented to show that Defendant STS would have terminated Plaintiff Gulliford's employment anyway had Defendant STS known of his signature. It is otherwise **DENIED**. The evidence may, or may not, be admissible at trial for another purpose depending upon in-trial circumstances.

DEFENDANT'S MOTIONS IN LIMINE

1. Evidence or arguments about plaintiff Gulliford's 2012 leave and his lifting and activity restrictions.

RULING: The Defendant's Motion In Limine is partially **GRANTED** and partially **DENIED**

in this regard.

It is **GRANTED** to the extent Plaintiff Gulliford may attempt to present such evidence (his 2012 request for leave and his lifting and activity restrictions) to prove either retaliation or failure to accommodate by Defendant STS. It is otherwise generally **DENIED**. Plaintiff Gulliford may present such evidence to prove disability under the ADA or serious health condition under the FMLA.

2. Evidence or arguments about Plaintiff Gulliford's October 2013 request for part-time work.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

Plaintiff Gulliford may introduce evidence or argument that on or about October 8, 2013, he requested part-time employment and that Defendant STS denied the request. Plaintiff Gulliford, however, is not permitted to assert at trial a reasonable accommodation claim or retaliation claim based upon his October 8, 2013 request for part-time employment.

3. Evidence or arguments about Brian Nehrig's statement about Defendant STS's cost analysis of elimination of its Tax Department.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

4. Evidence or arguments about Thomas Schilli's six million dollar man statement.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

5. Evidence or argument about pay cuts in 2008 and later permanency of Plaintiff Gulliford's pay cut.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

6. Evidence or arguments about Plaintiff Gulliford's July 18, 2008 letter.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

The July 18, 2008 letter from Plaintiff Gulliford to Wanda Miller and Joe Jenkins itself is not admissible. This ruling does not necessarily prohibit any witness from otherwise testifying about a matter contained in the letter.

7. Evidence or argument regarding a compensatory damages claim by Plaintiff Gulliford.

RULING: The Defendant's Motion In Limine is **DENIED** in this regard.

8. Evidence or argument regarding this Court's dismissal of Plaintiff Gulliford's ADEA (age discrimination) claim.

RULING: The Defendant's Motion In Limine is **GRANTED** in this regard.

Plaintiff Gulliford has no objection.

Wherefore, the Plaintiff's Motion In Limine [DE 56] is **GRANTED** in part and **DENIED** in part. The Defendant's Motions In Limine [DE 63] is **GRANTED** in part and **DENIED** in part.

So **ORDERED** this 31st day of January, 2017.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT